UNITED STATES CASUALTY COMPANY, Appellant, *v.* SAMUEL CHIEF-FETZ and Others, Doing Business as INTERSTATE PACKING COMPANY, Respondents.

First Department, April 10, 1931.

*James G. Purdy* of counsel [*James & Mitchell,* attorneys], for the appellant.

*Samuel Zamzok* of counsel [*William H. Bisnoff* and *Bernard Margulis* with him on the brief], for the respondents.

SHERMAN, J. Plaintiff, an insurance company, having issued its policy of workmen's compensation insurance to the employer of Dougherty made payment to him of the award of compensation fixed by the State Labor Bureau for the injury which he claimed to have received through falling down an elevator shaft. This action is brought in its behalf under section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499), as assignee of his claim against defendants.

The trial court appears to have dismissed the complaint on the ground that, as a matter of law, Dougherty was guilty of contributory negligence. He had left the elevator on the ground floor with the door ajar, while taking a barrel from the car to a nearby ice box. This task occupied a very brief space of time and upon his return to

the elevator he failed to notice the absence of the car, and stepping in, fell down the shaft. This occurred at the street floor level. The evidence was sufficient to show that employees of the tenants of the building were in the habit of running the elevator (there being no elevator man), and that defendants' employees on this occasion had taken the elevator to the floor above without first closing the door. The door was frequently left open but plaintiff claims that whenever this occurred the car was at the landing. There may also have been insufficient light to have enabled Dougherty to observe that the car was no longer where he had left it.

Under these circumstances, a case was made out for the jury. The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.