■ David Krimsky, Appellant, v. A. & L. Furniture Co., Inc., et al., Respondents, et al., Defendants.— Respondent Kamenatsky was the tenant in possession of a three-story building owned by the defendants Zirn, against whom the action was discontinued on the trial. Appellant was engaged by the owners to make some repairs to the roof. He was injured when he fell down an elevator shaftway, as he attempted to enter the elevator on the street floor. He had left the door to the elevator ajar shortly before, on descending from the roof, and found it open on his return. The negligence assigned by appellant is respondent Kamenatsky's failure to have adequate light at the entrance to the elevator and violations of the Labor Law and the Administrative Code of the City of New York. Said respondent claims that appellant was merely a licensee, who took the premises as he found them. The trial court dismissed the complaint at the close of appellant's case, holding in substance that there was no issue as to the said respondent's negligence for submission to the jury and that appellant was guilty of contributory negligence as a matter of law. The appeal is from the judgment entered thereon. Judgment reversed and a new trial granted, with costs to abide the event. In our opinion, irrespective of whether the statutes cited by appellant have any application, there were questions of fact for the jury as to the said respondent's negligence and appellant's freedom from contributory negligence. It is for the jury to determine whether appellant was a bare licensee or an invitee, upon consideration of the proof as to the nature of the work being done

on the premises by appellant and its effect upon, and connection with, said respondent's business and occupancy. Upon the record presented, it may not be held as a matter of law that appellant was on the premises for a purpose not connected with said respondent's business and that there was no "mutuality of interest" in appellant's work. (Cf. *Heskell* v. *Auburn Light, Heat & Power Co.*, 209 N. Y. 86, 91.) If appellant was an invitee, a prima facie case of common-law negligence was established by proof that there was insufficient light at the entrance to the elevator (cf. *Barnett* v. *41-43 East 28th St. Corp.*, 271 App. Div. 749). It was also error to hold that appellant was guilty of contributory negligence as a matter of law. (Cf. *Richling* v. *Rockwood & Co.*, 296 N. Y. 858; *United States Cas. Co.* v. *Chieffetz*, 232 App. Div. 155; *Barnett* v. *41-43 East 28th St. Corp.*, *supra*.) Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.